UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-21564-CMA

JOEL SAINT BON,

        Plaintiff,

   v.

PAPA JOHN'S INTERNATIONAL, INC.,
PAPA JOHN'S USA, INC.,
PIZZERIAS, LLC, and FERNANDO
GUTIERREZ,

        Defendants.

_____/

## DEFENDANT PIZZERIAS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Pizzerias, LLC ("Defendant"), by and through its undersigned counsel, hereby serves and files its Answer and Affirmative Defenses to Plaintiff's Complaint.  In response to the numbered paragraphs of the Complaint, Defendant states as follows:

## JURISDICTION, VENUE AND PARTIES

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered 1, and therefore deny same.

2.    Defendant admits that Pizzerias, LLC is a Florida limited liability company and that its principal place of business is located at 8619 South Dixie Highway, Miami, FL 33143 and that it operates Papa John's #555 located at 20312 NW 2nd Ave., Miami, FL 33169 (the "Restaurant").  All allegations in paragraph numbered 2 of the Complaint not directed at Defendant, Pizzerias, LLC, does not require a response. Defendant

denies the remainder of the allegations contained in paragraph numbered 2 of the Complaint.

3. The Complaint does not contain a paragraph numbered 3.

4. Defendant admits that Fernando Gutierrez is employed by Pizzerias, LLC and is a manager at the restaurant. Defendant denies the remainder of the allegations contained in paragraph numbered 4 of the Complaint.

5. Defendant only admits that Plaintiff purports to bring an action under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e, et seq.); the Age Discrimination in Employment Act of 1967 (the "ADEA"); the Americans with Disabilities Act of 1990, including the Americans with Disabilities Amendments Act of 2008 (the "ADA"); the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991 (42 U.S.C. § 1981, et seq.) ("Section 1981"); Florida Civil Rights Act of 1992 (Florida Statutes§§ 760.01, et seq.) (the "FCRA"); and the common law of the State of Florida. Defendant denies that Plaintiff is entitled to any relief.

6. Defendant only admits that jurisdiction is proper in this Court. Defendant denies the remainder of the allegations contained in paragraph numbered 6 of the Complaint.

7. Defendant admits that venue is proper.  Defendant denies the remainder of the allegations contained in paragraph numbered 7 of the Complaint.

## GENERAL ALLEGATIONS

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered 8, and therefore denies same.

2

9.      Defendant Pizzerias, LLC admits that it currently employs Plaintiff.   All other allegations contained in paragraph numbered 9 of the Complaint are denied.

10.     Defendant denies the allegations contained in paragraph numbered 10.

11.     Defendant, Pizzerias, LLC, admits that it employs Defendant, Fernando Gutierrez, as a store manager. All other allegations contained in paragraph numbered 10 of the Complaint are denied.

12.     Defendant denies the allegations contained in paragraph numbered 12.

13.     Defendants denies the allegations contained in paragraph numbered 13.

14.     Defendants denies the allegations contained in paragraph numbered 14.

15.     Defendant only admits that Plaintiff wrote a letter addressed to Fernando Gutierrez dated May 25, 2014 regarding his work schedule. Defendant denies the remainder of the allegations contained in paragraph numbered 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph numbered 16.

17.     Defendant only admits that Plaintiff wrote a letter addressed to Manny Overton dated June 22, 2014 regarding complaints against his supervisor, Mr. Linardi. All other allegations contained in paragraph numbered 17 of the Complaint are denied.

18.     Defendant denies the allegations contained in paragraph numbered 18.

19.     Defendant denies the allegations contained in paragraph numbered 19.

20.     Defendant denies the allegations contained in paragraph numbered 20.

21.     Defendant denies the allegations contained in paragraph numbered 21.

22.     Defendant denies the allegations contained in paragraph numbered 22.

23.     Defendant denies the allegations contained in paragraph numbered 23.

24.     Defendant denies the allegations in paragraph numbered 24.

25.     Defendant denies the allegations contained in paragraph numbered 25.

26.     Defendant only admits that Plaintiff was suspended for three days in March 2015 for insubordinate behavior. Defendant denies the remainder of the allegations in paragraph numbered 26.

27.     Defendant denies the allegations contained in paragraph numbered 27.

28.     Defendant admits that Plaintiff filed a charge of discrimination on or about March 23, 2015.  All other allegations contained in paragraph numbered 28 of the Complaint are denied.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered 29, and therefore denies same.

30.     Defendant denies the allegations contained in paragraph numbered 30.

31.     Defendant denies the allegations contained in paragraph numbered 31.

32.     Defendant is without knowledge of the allegations contained in paragraph numbered 32 of the Complaint and therefore denies same.

33.     Defendant admits that Plaintiff received a suspension.   All other allegations contained in paragraph numbered 33 of the Complaint are denied.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

34.     Defendant denies the allegations contained in paragraph 34.

35.     Defendant admits that Plaintiff filed a charge of discrimination dated March 23, 2015.  All other allegations contained in paragraph numbered 35 of the Complaint are denied.

4

36.     Admitted.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered 37, and therefore denies same.

## COUNT I
## SECTION 1981: RACIAL DISCRIMINATION

38.     Defendant adopt its responses to paragraphs 1 through 33 as if fully set forth herein.

39.     Defendant only admits that Plaintiff purports to bring an action under Section 1981 and denies that Plaintiff is entitled to any relief.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered 40, and therefore denies same.

41.     Defendant denies the allegations contained in paragraph numbered 41.

42.     Defendant denies the allegations contained in paragraph numbered 42.

43.     Defendant denies the allegations contained in paragraph numbered 43.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause immediately following paragraph 43 of the Complaint.

## COUNT II
## TITLE VII: DISPARATE TREATMENT

44.     Defendant adopts its responses to paragraphs 1 through 37 as if fully set forth herein.

45.     Defendant only admits that Plaintiff purports to bring an action under Title

5

VII. Defendant denies that Plaintiff is entitled to any relief.

46.    Defendant Pizzerias, LLC admits that Plaintiff is an employee.  The remainder of this paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws..

47.    Defendant admits that Plaintiff is black.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph numbered 47, and therefore denies same.

48.    Defendant Pizzerias, LLC admits that it is Plaintiff's employer within the meaning of Title VII.  The remainder of this paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

49.    This paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

50.    Defendant denies the allegations contained in paragraph numbered 50.

51.    Defendant denies the allegations contained in paragraph numbered 51.

52.    Defendant denies the allegations contained in paragraph numbered 52.

53.    Defendant denies the allegations contained in paragraph numbered 53.

54.    Defendant denies the allegations contained in paragraph numbered 54.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause immediately following paragraph 54 of the Complaint.

**COUNT III**
**TITLE VII: DISPARATE IMPACT**

55.     Defendant adopts its responses to paragraphs 1 through 37 as if fully set forth herein.

56.     Defendant only admits that Plaintiff purports to bring an action under Title VII. Defendant denies that Plaintiff is entitled to any relief.

57.     Defendant Pizzerias, LLC admits that Plaintiff is an employee.  The remainder of this paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

58.     Defendant admits that Plaintiff is black.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph numbered 58, and therefore denies same.

59.     Defendant Pizzerias, LLC admits that it is Plaintiff's employer within the meaning of Title VII.  The remainder of this paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

60.     Defendant denies the allegations contained in paragraph numbered 60 and all subparts thereof.

61.     Defendant denies the allegations contained in paragraph numbered 61.

62.     Defendant denies the allegations contained in paragraph numbered 62.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause immediately following paragraph 62 of the Complaint.

**COUNT IV**
**TITLE VII: RETALIATION**

63.     Defendant adopts its responses to paragraphs 1 through 37 as if fully

7

set forth herein.

64.     Defendants only admit that Plaintiff purports to bring an action under Title VII. Defendants deny that Plaintiff is entitled to any relief.

65.     Defendant Pizzerias, LLC admits that Plaintiff is an employee.  The remainder of this paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

66.     Defendant admits that Plaintiff is black.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph numbered 66, and therefore denies same.

67.     Defendant Pizzerias, LLC admits that it is Plaintiff's employer within the meaning of Title VII.  The remainder of this paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

68.     This paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

69.     Defendant denies the allegations contained in paragraph numbered 69.

70.     Defendant denies the allegations contained in paragraph numbered 70.

71.     Defendant denies the allegations contained in paragraph numbered 71.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause immediately following paragraph 71 of the Complaint.

**COUNT V**
**FLORIDA CIVIL RIGHTS ACT: DISPARATE TREATMENT**

72.     Defendant adopts its responses to paragraphs 1 through 37 as if fully set forth herein.

73.     Defendant only admits that Plaintiff purports to bring an action under the FCRA.  Defendant denies that Plaintiff is entitled to any relief.

74.     Defendant Pizzerias, LLC admits that it is Plaintiff's employer within the meaning of the FCRA.  The remainder of this paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

75.     Defendant denies the allegations contained in paragraph numbered 75.

76.     Defendant admits that Plaintiff is black.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph numbered 76, and therefore denies same.

77.     This paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

78.     Defendant denies the allegations contained in paragraph numbered 78.

79.     Defendant denies the allegations contained in paragraph numbered 79.

80.     Defendant denies the allegations contained in paragraph numbered 80.

81.     Defendant denies the allegations contained in paragraph numbered 81.

82.     Defendant denies the allegations contained in paragraph numbered 82.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause immediately following paragraph 82 of the Complaint.

## COUNT VI
## <u>FLORIDA CIVIL RIGHTS ACT: DISPARATE IMPACT</u>

83.     Defendant adopts its responses to paragraphs 1 through 37 as if fully set forth herein.

84.     Defendant only admits that Plaintiff purports to bring an action under the FCRA.  Defendant denies that Plaintiff is entitled to any relief.

85.     Defendant Pizzerias, LLC admits that it is Plaintiff's employer within the meaning of the FCRA.  The remainder of this paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

86.     Defendant denies the allegations contained in paragraph numbered 86.

87.     Defendant admits that Plaintiff is black.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph numbered 87, and therefore denies same.

88.     This paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

89.     Defendant denies the allegations contained in paragraph numbered 89 and all subparts thereof.

90.     Defendant denies the allegations contained in paragraph numbered 90.

91.     Defendant denies the allegations contained in paragraph numbered 91.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause immediately following paragraph 91 of the Complaint.

## COUNT VII

## **FLORIDA CIVIL RIGHTS ACT: RETALIATION**

92.     Defendant adopts its responses to paragraphs 1 through 37 as if fully set forth herein.

93.     Defendant only admits that Plaintiff purports to bring an action under the FCRA.  Defendant denies that Plaintiff is entitled to any relief.

94.     Defendant Pizzerias, LLC admits that it is Plaintiff's employer within the meaning of the FCRA.  The remainder of this paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

95.     Defendant denies the allegations contained in paragraph numbered 95.

96.     Defendant admits that Plaintiff is black.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph numbered 96, and therefore deny same.

97.     This paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

98.     This paragraph purports to set forth statutory provisions that speak for themselves and no response to the recitation of the law is required.  Defendant denies that Plaintiff is entitled to any relief under these laws.

99.     Defendant denies the allegations contained in paragraph numbered 99.

100.    Defendant denies the allegations contained in paragraph numbered 100.

101.    Defendant denies the allegations contained in paragraph numbered 101.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause immediately following paragraph 101 of the Complaint.

## COUNT VIII
## NEGLIGENT SUPERVISION

102.    Defendant adopts its responses to paragraphs 1 through 33 as if fully set forth herein.

103.    Defendant denies the allegations contained in paragraph numbered 103.

104.    Defendant denies the allegations contained in paragraph numbered 104.

105.    Defendant denies the allegations contained in paragraph numbered 105.

106.    Defendant denies the allegations contained in paragraph numbered 106.

107.    Defendant denies the allegations contained in paragraph numbered 107.

108.    Defendant denies the allegations contained in paragraph numbered 108.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause immediately following paragraph 108 of the Complaint.

## COUNT IX
## BREACH OF CONTRACT

109.    Defendant adopts its responses to paragraphs 1 through 33 as if fully set forth herein.

110.    Defendant admits that it has policies and procedures set forth in an Employee Manual or Handbook that is distributed to employees.  All other allegations contained in paragraph 110 are denied.

111.   Defendant admits that it has policies and procedures prohibiting discrimination and harassment in the workplace and other rules governing employee performance.  All other allegations contained in paragraph numbered 111 are denied.

112.   Defendant admits that it has policies and procedures prohibiting discrimination and harassment in the workplace and other rules governing employee performance.  All other allegations contained in paragraph numbered 112 are denied.

113.   Defendant denies the allegations contained in paragraph numbered 113.

114.   Defendant denies the allegations contained in paragraph numbered 114.

115.   Defendant denies the allegations contained in paragraph numbered115.

116.   Defendant denies the allegations contained in paragraph numbered 116.

117.   Defendant denies the allegations contained in paragraph numbered 117.

118.   Defendant denies the allegations contained in paragraph numbered 118.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause immediately following paragraph 118 of the Complaint.

## COUNT X
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendant has filed a Partial Motion to Dismiss Count X with Prejudice.

## COUNT XI
## ADEA: DISCRIMINATION BASED ON AGE

128.   Defendant adopts its responses to paragraphs 1 through 33 as if fully set forth herein.

129.   Defendant only admits that Plaintiff purports to bring an action under the ADEA.  Defendant denies that Plaintiff is entitled to any relief.

130.    Admitted.

131.    Defendant denies the allegations contained in paragraph numbered 131.

132.    Defendant denies the allegations contained in paragraph numbered 132.

133. Defendant denies the allegations contained in paragraph numbered 133.

134.    Defendant denies the allegations contained in paragraph numbered 134.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause immediately following paragraph 134 of the Complaint.

## COUNT XII
## ADA: FAILURE TO REASONABLY ACCOMMODATE

135.    Defendant adopts its responses to paragraphs 1 through 33 as if fully set forth herein.

136.    Defendant only admits that Plaintiff purports to bring an action under the ADA.  Defendant denies that Plaintiff is entitled to any relief.

137.    Defendant denies the allegations contained in paragraph numbered 137.

138.    Defendant denies the allegations contained in paragraph numbered 138.

139.    Defendant denies the allegations contained in paragraph numbered 139.

140.    Defendant denies the allegations contained in paragraph numbered 140.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause immediately following paragraph 140 of the Complaint.

## DEMAND FOR JURY TRIAL

141.    Defendant acknowledges that Plaintiff has demanded a jury trial.

Defendant denies any and all allegations not specifically admitted to herein.

14

## AFFIRMATIVE DEFENSES

Having fully responded to the Complaint and without prejudice to its denials and other statements of its pleadings, Defendant asserts the following affirmative defenses as to all claims by Plaintiff pursuant to Rules 8(c) & 12(b) of the Federal Rules of Civil Procedure.  By asserting the following affirmative and other defenses, Defendant does not assume any burden of production or proof that it does not otherwise have.

1.     Plaintiff has been and continues to be an at-will employee who could be terminated at any time, with or without notice and with or without cause.

2.     Defendant states that, to the extent Plaintiff has failed to diligently seek other employment, his claim should be reduced or barred for failure to mitigate his damages.

3.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4.     Plaintiff's claims fail because Plaintiff cannot demonstrate that Defendant acted with the requisite intent.

5.     Plaintiff's claims fail because Plaintiff cannot show he was damaged as a direct and proximate result of the conduct he alleges the Defendant engaged in.

6.     Plaintiff's claims under the Florida Civil Rights Act of 1992 ("FCRA") should be dismissed in their entirety and with prejudice to the extent they impermissibly exceed the scope of the charge of discrimination Plaintiff filed with the EEOC based on Plaintiff's failure to exhaust administrative remedies under the FCRA

7.     Plaintiff's claims under the FCRA are barred to the extent Plaintiff bases these claims on alleged acts or omissions occurring more than one (1) year prior to

Plaintiffs filing of a charge of discrimination with the Florida Commission on Human Relations.

8.      Plaintiff's claims under Title VII, the ADA, and the ADEA are barred to the extent Plaintiff bases these claims on alleged acts or omissions occurring more than three hundred (300) days prior to Plaintiff's filing of a charge of discrimination with the EEOC.

9.      Any claims for relief based upon alleged facts occurring more than four (4) years prior to the filing of this lawsuit are time-barred under Section 1981. See 28 U.S.C. Sec. 1658.

10.      To the extent Plaintiff seeks recovery of back pay, lost benefits, front pay, or other lost earnings, Plaintiff has failed to mitigate his damages.

11.      Plaintiff's alleged damages for lost earnings, if any, should be reduced by the amount of interim earnings Plaintiff has received.

12.      Plaintiff's alleged damages for lost earnings, if any, should be reduced for any period of time during which Plaintiff was unavailable for work for any reason to the extent Plaintiff's unavailability for work has or will be affected by other reasons unrelated to the acts or omissions of the Defendants alleged in the Complaint.

13.      Plaintiff's claims and/or claims for damages are barred (or limited) to the extent it is shown he engaged in misconduct prior to, during, or in connection with, his employment, that otherwise would have resulted in his discharge if such conduct were then known to Defendant, Pizzerias, LLC.

14.      To the extent Plaintiff is able to establish a *prima facie* case of discrimination, which he cannot, Defendant, Pizzerias, LLC, had legitimate and

nondiscriminatory reasons for its employment decisions, and such reasons were not pretext for race, age, or disability discrimination.

15.     All actions taken with regard to Plaintiff were based on legitimate, non-retaliatory reasons, and were not causally related to any alleged protected activity of Plaintiff.  Further, Plaintiff cannot establish that any such actions taken with respect to Plaintiff were pretextual.

16.     Any alleged protected activity by Plaintiff was not the "but-for" cause of any alleged adverse action taken against Plaintiff.

17.     With respect to Plaintiff's failure to accommodate claim, Plaintiff failed to request any reasonable accommodation for any alleged disability.  In the alternative, any accommodation allegedly sought was unreasonable and/or would have created an undue burden or hardship to the employer

18.     Defendant has and had in place strong, officially-promulgated and user-friendly policies against discrimination to prevent and promptly correct any such unlawful conduct. Also, at all times relevant, Defendant acted in good faith with regard to Plaintiff and had reasonable grounds for believing that its actions were not in violation of the law. Thus, Defendant cannot be held vicariously liable or liable for damages because of its good-faith efforts to ensure compliance with the FCRA and federal law prohibiting discrimination in the workplace.

19.     Plaintiff's claim for discrimination fails and/or his recovery of damages is limited because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and/or Plaintiff unreasonably failed to take

advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

20.     No act, breach or omission of Defendant proximately caused or contributed to whatever damages, if any, Plaintiff may have sustained and, on account thereof, Plaintiff is not entitled to any recovery from Defendant. The proximate cause of Plaintiff's alleged damages, if any, was the conduct of the Plaintiff and not the Defendant.

21.     Plaintiff may not recover punitive damages because Defendant did not act with malice or with reckless indifference to Plaintiff's federally-protected rights, nor did it otherwise discriminate or retaliate against Plaintiff.  Defendant further avers that Plaintiff is not entitled to recover punitive and/or exemplary damages under the doctrine of vicarious liability because Defendant acted in good-faith.

WHEREFORE, having fully answered the Complaint and having raised legal defenses thereto, Defendant respectfully requests that this action be dismissed with prejudice in its entirety, that judgment be entered in favor of Defendant, and that Defendant be awarded its costs and reasonable attorney's fees incurred in defending this lawsuit pursuant to 42 U.S.C. Sec. 2000e-5(k), 42 U.S.C. Sec. 1988(b), Sec. 760.11(5), Fla. Stat, 42 U.S.C. §12205 and any other applicable law.

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2016, I electronically filed the foregoing through the CM/ECF system and also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Respectfully submitted,

By: */s/Arianne B. Suarez*
Arianne B. Suarez, Esquire
Florida Bar No: 143529
DOUBERLEY, MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, FL 33323
Main (954) 838-8832 / Fax (954) 838-8842
E-mail:  absuarez@dmc-atty.com

## <u>SERVICE LIST</u>

**Michael L. Buckner**
MICHAEL L. BUCKNER LAW FIRM, P.A.
7771 West Oakland Park Blvd.
Suite 162
Sunrise, FL 33351
E-mail:  mbuckner@bucknersportslaw.com
Attorneys for Plaintiff, Joel Saint Bon

**Steven A. Siegel**
FISHER & PHILLIPS
450 East Las Olas Boulevard
Suite 800
Ft. Lauderdale, FL 33301
E-mail: ssiegel@fisherphillips.com
Attorneys for Defendant, Papa John's International, Inc.
and Papa John's USA , Inc.